The appellant has filed a motion to determine the amount of interest payable on the judgment in this case under Rule 37, Alabama Rules of Appellate Procedure. Rule 37 states that:
 Unless otherwise provided by law, if a judgment for money in a civil case is affirmed or the appeal is dismissed, whatever interest is provided by law shall be payable from the date the judgment was entered in the trial court. If a judgment is modified or reversed with a direction that a judgment for money be entered in the trial court, the certificate of judgment shall contain instructions with respect to allowance of interest.
In this case, the jury rendered a verdict against the defendants in the amount of $20,000, on October 9, 1979. On December 6, 1979, the defendants appealed to this Court. On September 18, 1980, this Court dismissed the appeal on the grounds that no final judgment was entered on the jury verdict, and, therefore, the judgment under appeal was not final and appealable. On September 22, 1980, the Choctaw Circuit Court entered a judgment in favor of the plaintiff on the jury verdict. On October 3, 1980, the defendants' motion to reinstate their appeal was granted.
The question here is whether the plaintiff is entitled to interest from the date of the jury verdict or from the date final judgment was ultimately entered on that verdict. We hold that he is entitled to interest from the date of final judgment, as *Page 90 
the delay in entering judgment was not caused by the defendants' actions. This Court, among others, has held that "when the delay in entering judgment on the verdict was occasioned by the party against whom it was rendered, the successful party, on appeal, is entitled to interest from the date of the verdict," rather than from the later date of judgment. Berry v. Druid City Hospital Board, 333 So.2d 796,805 (Ala. 1976); see Annot., 1 A.L.R.2d 479 (1948). However, when, as here, the delay is not caused by the party against whom the judgment is rendered but by the court responsible for rendering judgment, there is neither reason nor justice in further penalizing the party against whom the judgment was rendered. In such a situation, interest should be paid as given by the statute, "from the date the judgment was entered in the trial court," ARAP, Rule 37, until final payment. Sanders andFenwick v. Rives, 3 Stewart 109, 116 (Ala. 1830).
The appellant's motion to allow interest from September 22, 1980, the date of the judgment, is hereby granted.
OPINION EXTENDED. MOTION TO ALLOW INTEREST GRANTED.
All the Justices concur.
APPLICATION FOR REHEARING OVERRULED.
MADDOX, FAULKNER, JONES, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and ALMON and EMBRY, JJ., dissent.